United States District Court
Southern District of Texas
**ENTERED**
August 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **YOANNY CASTELO PERDOMO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-06288** |
| | § | |
| **DEPARTMENT OF HOMELAND SECURITY, *et al.*,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Yoanny Castelo Perdomo's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Stay and, in the Alternative, for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Stay and Motion for Summary Judgment.

## I. BACKGROUND

The parties do not dispute the following facts. Petitioner Yoanny Castelo Perdomo, is a native and citizen of Cuba who most recently entered the United States on November 21, 2023. Petitioner was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other entry document. He was served with a Notice to Appear charging him under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) as an arriving alien and an immigrant who at the time of application for admission is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act. He was then paroled into the United States for a period of two years.

On May 14, 2026, Petitioner was transferred from the Nacogdoches County, Texas Jail where he was being held pursuant to a conviction for Destruction of Property into the custody of ICE ERO. Petitioner was then served with a new Notice to Appear charging him under INA 212(a)(7)(A)(i)(I) as an arriving alien and an immigrant who at the time of application for admission is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act. On July 20, 2026, Petitioner filed Form I-589 Application for Asylum and Withholding of Removal with the Conroe Immigration Court. His removal proceedings are ongoing.

Respondents position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

## II. ANALYSIS

Liberally construing the *pro se* Petition, Petitioner argues, among other claims, that hsi detention violates her Fifth Amendment right to due process of law. The Court agrees. The Court agrees. It therefore declines to address Petitioner's additional claims for relief. The Court also denies Respondents' Motion to Stay proceedings pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez v. Ortega*, No. 26-50183.

### A. Petitioner's detention violates substantive due process.

Petitioner argues, among other claims, that his mandatory detention violates his Fifth Amendment right to due process of law. The Court agrees. It therefore declines to address Petitioner's additional claims for relief.

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in

*Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

Among other claims, Petitioner argues that his continued mandatory detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's detention violates his substantive due process rights, it declines to address his additional claims.

The Court recently addressed a similar set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

Here, an additional factor weights in favor of Petitioner: he was previously released on parole. Release on parole, like release on an Order of Release on Recognizance, "necessarily 'reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'" *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026) (internal citations omitted); *see* 8 C.F.R. § 212.5(b) (requiring that noncitizens released on parole "present neither a security risk nor a risk of absconding"). Although Petitioner's parole expired automatically on November 20, 2025, the Government did not take him into custody at this point and Respondents have not provided an individualized reason to believe that Petitioner

now presents a flight risk or danger when he did not in November of 2023. The Court previously rejected the notion that the government, consistent with the Due Process Clause, may arbitrarily revoke conditional release from custody merely because the applicable regulations provide that release may be revoked at any time. *Perea-Berrio*, 2026 WL 709481, at *2. Petitioner's arbitrary re-detention after having been released on parole likewise violates the due process clause. *See Betancourth v. Tate, et al*., --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 at *5 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio*, 2026 WL 709481 at *2-3; *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at *2; (S.D. Tex. Feb. 25, 2026).

**B. Respondents are not entitled to a stay pending the Fifth Circuit's decision in *Sosnava Rodriguez.***

Respondents also argue that the Court should stay any action in this case in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez*. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026). The Court has previously denied Respondents' stay requests in similar cases. *See, e.g., Rojas Pliego v. Mullin*, No. 4:26-CV-05719, Dkt. No. 13 (Order Denying Motion to Stay); *Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3 n. 2 (S.D. Tex. July 27, 2026) (Ellison, J); *Gonzalez Gonzalez v. Blanche, et al.*, No. 4:26-cv-5561, ECF. Dkt. No. 10, (S.D. Tex. July 27, 2026) (Ellison, J.). Other district courts within the Fifth Circuit have similarly rejected Respondents' expansive interpretation of the Fifth Circuit's one-sentence, unreasoned stay order. *See, e.g., Camacho v. Dep't of Homeland Sec.*, No. EP-26-CV-01717-DB, 2026 WL 2137156, at *2-3 (W.D. Tex. July 24, 2026) (concluding that "facial invalidation of Section 1225(b)(2)(A) is all that is precluded" by the stay); *Mercado Leyva v. United States Department of Justice Immigration Court*, 5:26-CV-01196, Doc. No. 11 at 2-3 n. 1 (S.D. Tex. July 23, 2026) ("Without clearer direction, the Court will not deny relief this Court

deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed.").

For the reasons previously articulated in these cases, the Motion to Stay is denied.

## III. REMEDY

Under the facts of this case, the Court is persuaded that immediate release from custody is appropriate. "[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes*, 2026 WL 689995 at *5 (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). This Court has found that immediate release is appropriate in cases where a noncitizen habeas petitioner was previously released on an Order of Release on Recognizance (ORR), in part because "release from immigration custody on an ORR necessarily 'reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'" *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481, at *3 (S.D. Tex. Mar. 13, 2026) (internal citations omitted). While Petitioner was previously released on parole rather than an ORR, release on parole likewise implies a prior determination that Petitioner does not pose a flight risk or danger. *See also Hassen*, 2026 WL 446506, at *2 (W.D. Tex. Feb. 9, 2026) ("[T]hat Petitioner was paroled into the United States, rather than released on his own recognizance, is 'a distinction without a difference.'") (quoting *Guerra-Miranda v. Bondi*, No. EP-26-CV-00028-KC (W.D. Tex. Jan. 21, 2026)). It is true that here, Petitioner's parole had expired at the time he was taken into custody. However, his parole terminated automatically due to the passage of time, not because Petitioner became a flight risk or danger to the community when his parole expired in November 2025.

The Court also notes that numerous courts, in the Fifth Circuit and elsewhere, have ordered immediate release under similar circumstances. *E.g.*, *Guevara Carabantes*, 2026 WL 689995 at

*10 (ordering immediate release); *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *13-14 (W.D. Tex. Oct. 2, 2025) (ordering immediate release and collecting cases); *J.U. v. Maldonado*, 805 F. Supp. 3d 482, 498 (E.D.N.Y. 2025) (ordering immediate release).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify Petitionerl of the time and place of his release **no less than three hours** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before August 18, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on August 14, 2026.

Keith P. Ellison
United States District Judge